# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH (KAHN)**
**formerly known as JOHN CASTEEL,**
      **Plaintiff,**

      v.                                                                                           Case No. 01-C-010

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**JON E. LITSCHER, DANIEL BERTRAND,**
**MICHAEL BAENEN, KENNETH MORGAN,**
**CHRISTOPHER ELLERD, JUDY SMITH,**
**GARY MCCAUGHTRY, GENE DOBBERSTEIN,**
**and PHILLIP MACHT,**
      **Defendants.**

## ORDER

      Plaintiff, Tayr Kilaab al Ghashiyah, formerly known as John Casteel, a Wisconsin state prisoner, filed this pro se civil rights actions pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1(a) et seq., against the Wisconsin Department of Corrections and several corrections officials. In this action, plaintiff alleges that defendants are interfering with his religious liberty by: (1) prohibiting him from using his legal name; (2) denying him access to religious property; (3) refusing to provide him with a diet consistent with his religious beliefs; and (4) refusing to provide him with access to spiritual practices while confined within program segregation.

      On July 15, 2005, defendants filed a "Second Motion for Summary Judgment" pursuant to Federal Rule of Civil Procedure 56. (Docket # 170). The Civil Local Rules provide:

Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation

(a)    If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

> (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
> (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

Civil L.R. 56.1(a) (E.D. Wis.).

Defendants' motion for summary judgment contains the "short and plain statement" required by the Civil Local Rules, as well as a copy of the text of Federal Rule of Civil Procedure 56(e) and (f), and Civil Local Rules 56.1 and 7.1. (Docket #170). However, defendants did not include a copy of the text of Civil L. R. 56.2 which specifies the additional practices that all parties must follow when bringing and responding to motions for summary judgment including the submission of proposed findings of fact. In this case, defendants filed their proposed findings of fact which identified 259 factual propositions upon which they contend there is no genuine issue of material fact. (Docket #173.) While plaintiff filed a responsive brief to defendants' motion, he did not file a "specific response to the movants' proposed findings of fact" as contemplated under Civil L. R. 56.2 nor was he notified of the consequences of his failure to file such response. See Civil L. R. 56.2(e) ("In deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed findings of fact to which no response is set out."). Based on defendants' failure to comply with the Civil Local Rules, their motion for summary judgment will be denied. However, the defendants are advised that they may renew their motion for summary judgment, without refiling it, by providing the plaintiff with the notice required in the Civil Local Rules.

**For the foregoing reasons,**

**IT IS ORDERED** that defendants' second motion for summary judgment (Docket # 170) is **DENIED** without prejudice**.** Defendants are advised that they may renew their motion for summary judgment, without refiling it, by providing plaintiff with the notice required in the Civil Local Rules within 30 days of the date of this order.

**IT IS FURTHER ORDERED** that if defendants properly renew their motion for summary judgment, the plaintiff must file a response within 30 days of service of the motion in accordance with Civil Local Rule 56.2.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2005.

        s/Lynn Adelman
        LYNN ADELMAN
        U.S. District Judge