# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH (KAHN)**
**formerly known as JOHN CASTEEL,**

      **Plaintiff,**

      v.                                           Case No. 01-C-10

**WISCONSIN DEPARTMENT OF**
**CORRECTIONS, JON E. LITSCHER,**
**DANIEL BERTRAND, MICHAEL BAENEN,**
**KENNETH MORGAN, CHRISTOPHER ELLERD,**
**JUDY SMITH, GARY MCCAUGHTRY,**
**GENE DOBBERSTEIN, and PHILLIP MACHT,**

      **Defendants.**

## DECISION AND ORDER

Plaintiff, Tayr Kilaab al Ghashiyah, formerly known as John Casteel, a Wisconsin state prisoner, filed this pro se civil rights actions pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1(a) et seq., against the Wisconsin Department of Corrections and several corrections officials. By decision and order of September 29, 2006, the court granted summary judgment in favor of defendants on some but not all of plaintiff's claims. As a result of that decision, it appears that the following claims remain: (1) plaintiff's religious property claim under RLUIPA (including his claim, if any, for nominal and punitive damages) (Order Granting In Part and Denying In Part Defs.' Mot. for Summ. J., Sept. 29, 2006, 2 n.4, 24 n.11 and 36); (2) plaintiff's religious diet and religious name claims under the equal protection and due process clauses of the Fourteenth Amendment (Order Granting In Part

and Denying In Part Defs.' Mot. for Summ. J., Sept. 29, 2006, 24 n.11 and 36); and (3) plaintiff's request for nominal and punitive damages relating to his religious property claims under the First and Fourteenth Amendments (Order Granting In Part and Denying In Part Defs.' Mot. for Summ. J. Sept. 29, 2006, 22-23).

Presently before the court is defendants' "Motion to File Final Summary Judgment Motion" and plaintiff's "Motion to Strike." Both of these applications will be addressed herein.

## I. DEFENDANTS' MOTION TO FILE FINAL SUMMARY JUDGMENT MOTION

Defendants seek an order modifying the schedule in this case to allow the parties the opportunity to file final summary judgment motions addressing the remaining claims identified above. They maintain that the requested modification would serve judicial economy and avoid a trial on issues "where there is nothing to try." (Defs.' Mot. for Leave to File Final Summ. J. Mot., 2.) In addition, they explain that they did not address these claims in previous summary judgment motions because they believed that the claims were "no longer in play" or were "overlooked" and because they thought some of the claims would be otherwise disposed of in their latest summary judgment motion.

Plaintiff objects to the defendants' motion on the ground that defendants "intentionally attempted to side-step these claims previous [sic] before the Court" and that the plaintiff's Fourteenth Amendment claims were raised in three previously filed briefs (Pl.'s Mot. of Objection.) He points to no evidence in the record or otherwise to substantiate this assertion.

Rule 16(b), Federal Rules of Civil Procedure, allows scheduling orders to be modified for good cause. In my opinion, good cause has been shown by the defendants to modify

2

the existing scheduling order to allow the parties to file a motion for summary judgment on the remaining claims in this case. As defendants point out, a number of the remaining claims were recognized by the court in its initial screening order of July 30, 2001, but have not been addressed by the parties since that time. Thus, it is conceivable that the defendants overlooked those claims or thought they had been abandoned by the plaintiff when they filed their previous motions for summary judgment. A modification of the scheduling order at this time will not prejudice the plaintiff because there is no trial date currently set in this case. Moreover, the modification will help clarify and simplify the issues remaining for trial.

For these reasons, defendants' "Motion for Leave to File Final Summary Judgment Motion" will be granted. Any party who intends to file a motion for summary judgment on the remaining claims must do so within 45 days of the date of this decision and order.

## II. PLAINTIFF'S MOTION TO STRIKE

Plaintiff has filed a motion to strike "the defendants' previous [sic] filed summary judgment motions and other filings" on the ground that "Counsel do not have any legal standing to defend these defendants." He maintains that counsel was required to file a "'Foreign Agents Registration Statement' pursuant to 22 USC § 611(c)(1)(iv) and 612." As a preliminary matter, the court notes that it is unclear whether plaintiff served the defendants with this motion as required under Rule 5(a), Federal Rules of Civil Procedure. A letter filed with his motion states only that he sent a copy of the motion to Phil Kingston (the warden of Waupun Correctional Institution where he is currently confined). Plaintiff has been advised that the court may disregard any papers or documents which do not indicate that a copy has

3

been sent to each defendant or to their attorney(s). Furthermore, the statutes cited by plaintiff govern situations in which a person acts as an agent of a foreign principal. As such, these statutes are inapplicable to the case at hand. Thus, plaintiff's motion to strike will be denied.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants "Motion to File Final Summary Judgment Motion" is **GRANTED**.

**IT IS FURTHER ORDERED** that any motions for summary judgment on the remaining claims must be filed within 45 days of the date of this decision and order.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Strike" is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge

4