UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TAYR KILAAB AL GHASHIYAH (KAHN)**
**formerly known as JOHN CASTEEL,**

        **Plaintiff,**

        v.                                             **Case No. 01-C-10**

**WISCONSIN DEPARTMENT OF**
**CORRECTIONS, JON E. LITSCHER,**
**DANIEL BERTRAND, MICHAEL BAENEN,**
**KENNETH MORGAN, CHRISTOPHER ELLERD,**
**JUDY SMITH, GARY MCCAUGHTRY,**
**GENE DOBBERSTEIN, and PHILLIP MACHT,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Tayr Kilaab al Ghashiyah, formerly known as John Casteel, a Wisconsin state prisoner, filed this pro se civil rights actions pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1(a) et seq., against the Wisconsin Department of Corrections and several corrections officials. By decision and order of September 29, 2006, I granted summary judgment in favor of defendants on some but not all of plaintiff's claims. As a result of that decision, it appears that the following claims remain: (1) plaintiff's religious property claim under RLUIPA (including his claim, if any, for nominal and punitive damages) (Order Granting In Part and Denying In Part Defs.' Mot. for Summ. J., Sept. 29, 2006, 2 n.4, 24 n.11 and 36); (2) plaintiff's religious diet and religious name claims under the equal protection and due process clauses of the Fourteenth Amendment (Order Granting In Part and Denying In

Part Defs.' Mot. for Summ. J., Sept. 29, 2006, 24 n.11 and 36); and (3) plaintiff's request for nominal and punitive damages relating to his religious property claims under the First and Fourteenth Amendments (Order Granting In Part and Denying In Part Defs.' Mot. for Summ. J. Sept. 29, 2006, 22-23).  Thereafter, I granted defendants' motion to allow the parties to file final summary judgment motions and ordered that any summary judgment motions must be filed on or before January 2, 2007.

Presently before the court is the plaintiff's "Motion of Objections" and his ""Motion to Compel Discovery."  Both of these applications will be addressed herein.

## I.  MOTION OF OBJECTIONS

In this motion, plaintiff states that he is filing "a formal motion of objections" the grounds for which are as follows:

> 1) It was an abuse of discretion that the district judge failed to apply the correction [sic] application of the law.
> 2) The district court's decisions also show abuse of discretion because the trial judge misapplication [sic] or erroneous view of facts.

The first problem with plaintiff's motion is that it fails to comply with Civil Local Rule 7.1(a) which requires that every motion set forth the rule pursuant to which it is made and be accompanied by "(1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed."  Courts are permitted to deny a motion that does not comply with this local rule "as a matter of course."

Denial of plaintiff's motion is also warranted because the plaintiff fails to specify the decision to which he wishes to file "objections."  Thus, I am unable to weigh the merits of plaintiff's motion.  As such, I will deny plaintiff's motion of objections.

2

## II. MOTION TO COMPEL DISCOVERY

In this motion, plaintiff asks the court to compel defendants to produce "the Production of Documents" because it would be an unfair advantage not to allow him further discovery to contest defendants [sic] fourth round at summary judgment." Although not delineated as such, the court construes the plaintiff's motion as one to compel discovery under Rule 37, Federal Rules of Civil Procedure. While this rule permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).

> According to Civil Local Rule 37.1
>
> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Because the plaintiff's discovery motion was not accompanied by the written statement contemplated under Civil Local Rule 37.1, the court is unable to establish that the plaintiff made a prior demand of the defendants or engaged in the required personal consultation. Further, plaintiff's contention that the requested discovery is necessary in view of the court's order allowing additional motions for summary judgment to be filed is undercut by the fact

3

that he already filed a motion for summary judgment on December 4, 2006, in the absence of the requested discovery.

Plaintiff's motion to compel will also be denied because discovery in this case has been closed since June 21, 2004, and plaintiff has not filed a motion seeking to reopen discovery.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Objections" is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Compel" is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14 day of December, 2006.

/s_____
LYNN ADELMAN
District Judge