# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH (KAHN)
formerly known as JOHN CASTEEL,

        Plaintiff,

        v.                              Case No. 01-C-10

WISCONSIN DEPARTMENT OF
CORRECTIONS, JON E. LITSCHER,
DANIEL BERTRAND, MICHAEL BAENEN,
KENNETH MORGAN, CHRISTOPHER ELLERD,
JUDY SMITH, GARY MCCAUGHTRY,
GENE DOBBERSTEIN, and PHILLIP MACHT,

        Defendants.

## ORDER

Plaintiff, Tayr Kilaab al Ghashiyah, formerly known as John Casteel, a Wisconsin state prisoner currently incarcerated at the Boscobel Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1(a) et seq., against the Wisconsin Department of Corrections and several corrections officials. By order of July 30, 2001, I allowed plaintiff to proceed in forma pauperis on claims that defendants violated his rights under the First Amendment's Free Expression and Free Exercise Clauses, the Due Process Clause of the Fourteenth Amendment, RLUIPA and state law. In addition, I recognized the existence of a claim under the Equal Protection Clause in my order of March 22, 2002. See Court Order of March 22, 2002 (Docket #55 at 1 and 5-8).

As a result of three rounds of dispositive motions, all of plaintiff's claims have been dismissed. See Court Orders of March 28, 2005 (Docket #160); September 29, 2006 (Docket #218); and September 27, 2007 (Docket #265). Most recently, my order of September 27, 2007 granted defendants' "Third Motion for Summary Judgment" on all of the remaining claims, denied plaintiff's and defendants' separate Motions for Sanctions and denied plaintiff's Motion for Costs Under Rule 54, Federal Rules of Civil Procedure. On that same day, judgment was entered dismissing the action. On October 26, 2007, plaintiff filed a notice of appeal from the September 27, 2007 judgment along with a request for leave to proceed in forma pauperis on appeal.

There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). Under Federal Rule of Appellate Procedure 24(a), a party, such as plaintiff in this case, who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one

2

that is based on a frivolous claim–that is, a claim that no reasonable person could suppose has any merit.  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering plaintiff's request to proceed in forma pauperis before the district court, I determined that plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous.  As a result, I do not find any indication that plaintiff's appeal is not taken in good faith.  Thus, I will grant plaintiff's request to proceed in forma pauperis on appeal.

Under the PLRA, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b).  If a prisoner does not have the money to pay the $455.00 filing fee in advance for an appeal, he can request leave to proceed in forma pauperis.  To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months.  28 U.S.C. § 1915(a)(2).  The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater.  28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court.  No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

3

Plaintiff did not file a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. I will direct plaintiff to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Failure to submit the trust account statement within 30 days of the date of this order will result in the dismissal of this appeal. See Newlin v. Helman, 123 F.3d 429, 434-35 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626, 633-34 (7th Cir. 2000) and Lee, 209 F.3d at 1026-27.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition for leave to appeal in forma pauperis (Docket #269) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff is directed to submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Failure to submit the trust account statement within 30 days of the date of this order will result in the dismissal of this appeal.

Dated at Milwaukee, Wisconsin, this 31 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge